IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID ALLEN NESBITT,
     Plaintiff,

vs.                                     Case No.: 5:05cv98/LAC/EMT

STATE OF FLORIDA, et al.,
     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff initiated this action by filing a civil rights complaint (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 16). Plaintiff's amended complaint, filed pursuant to 42 U.S.C. § 1983 (Doc. 17), is presently under review by the undersigned.

     Since initiating this complaint, Plaintiff has filed approximately fifteen motions with this court, exclusive of those relating to Plaintiff's desire to proceed in forma pauperis, including the following motions in which Plaintiff seeks injunctive relief and which are the subject of this report and recommendation: "Petition to Order a Temporary Injunction Against Defendant's Isolating, Punishing, or Otherwise Interfering with Plaintiff's Rights" (Doc. 7); "Petition to Order a Temporary Injunction Against Defendants Staying them from Relocating Plaintiff to Different Facilities within the Fourteenth Judicial Circuit of the State of Florida" (Doc. 8); and "Petition for Temporary Injunction Barring Defendants from Further Abuses of Plaintiff, from Withholding Copies of Documents to Which Plaintiff has a Right, and from Interfering Further with Plaintiff's U.S. Constitutional Rights" (Doc. 31).

     The first two motions for injunctive relief (Docs. 7, 8) seek relief against officials with Holmes and Washington County Sheriffs' Departments and/or Jails in relation to Plaintiff's

incarceration. Specifically, Plaintiff's seeks to bar the Defendants from "diverting and/or processing Plaintiff's grievances, criminal complaints, or inmate requests" (Doc. 7 at 6) and from "relocating Plaintiff yet another time" in an attempt to "thwart his efforts to seek redress . . . isolate him from access to the court system . . . [and] isolate him from his two (2) daughters" (Doc. 8 at 2-3). The court notes that Plaintiff has been released from custody, as evidenced by his letter to this court dated July 18, 2005 (Doc. 24). Accordingly, these motions should be denied as moot.

Plaintiff's third motion for injunctive relief (Doc. 31) alleges a pattern by Defendants of "wrongfully punishing Plaintiff and other inmates, wrongfully denying and/or interfering with Plaintiff's and other inmates [sic] U.S. Constitutional rights and . . . placing Plaintiff and other inmates in harm's way as retribution for exercising their . . . rights" (*id.* at 1). At first blush, it would appear that this motion is also moot by virtue of Plaintiff's release from custody; however, Plaintiff has additionally alleged that his daughters (who are not incarcerated) have been threatened with assault, battery, rape and death by several inmates who were administratively detained with Plaintiff during his incarceration. Plaintiff alleges that those inmates were advised that Plaintiff was the reason for their administrative detention, and thus they threatened to harm Plaintiff within the jail and his daughters upon their release from custody (*id.* at 2). As relief, Plaintiff seeks a "Temporary Injunction" barring Defendants from: (1) continuing to withhold information and documents from Plaintiff . . . that tend to prove and/or document Defendants' abuses of Plaintiff, [including] copies of grievances and inmate requests, (2) continuing their harassment, threats and other wanton and harmful activities against Plaintiff and his family, and (3) continuing (should Plaintiff be re-arrested for any reason) to isolate, punish, [or] cause Plaintiff harm . . . (Doc. 31 at 4-5).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose</u>, 42 F.3d at 471. The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1.      There is a substantial likelihood that Plaintiff will prevail on the merits;

2.      There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3.      The threatened injury to Plaintiff outweighs the threatened harm injunction will do to the defendant; and

4.      The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted).  Injunctions should be granted for definite, future injuries, not conjectural ones.  Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (citations omitted).  This requires that the relief sought in the motion be closely related to the conduct complained of in the underlying complaint.  Devose, 42 F.3d at 471; Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom injunctive relief is sought must be parties to the underlying action.  *See* In re Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995) (court lacks subject matter jurisdiction to issue preliminary or permanent injunction against non-party);  *see also* Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (5th Cir. 1996) (district court not authorized to grant injunctive relief against non-parties).

To the extent Plaintiff seeks injunctive relief to protect his daughters against harm by other inmates upon their release, Plaintiff is not entitled to relief.  Neither his daughters nor the inmates are parties to this lawsuit.  Furthermore, Plaintiff has not alleged that the release of these inmates is imminent.  Additionally, Plaintiff has not clearly established that there exists a substantial threat that he will suffer irreparable injury if the injunction is not granted.  Although Plaintiff alleges an

inability to obtain proper medical care, resulting in harm to Plaintiff, and an inability to obtain documentation from Defendants, these events occurred in February and May 2005, prior to Plaintiff's release from custody.  Although Plaintiff alleges "continuing" activity by Defendants, he has failed to specify any impropriety by Defendants after his release from custody.  Finally, to the extent Plaintiff seeks an injunction regarding Defendants' activities "should [he] be re-arrested for any reason," Plaintiff is clearly not entitled to relief.  Injunctions should be granted for definite, future injuries, not conjectural ones.  Church, 30 F.3d at 1337.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Plaintiff's "Petition to Order a Temporary Injunction Against Defendant's Isolating, Punishing, or Otherwise Interfering with Plaintiff's Rights" (Doc. 7) be **DENIED** as moot.

2.  That Plaintiff's "Petition to Order a Temporary Injunction Against Defendants Staying them from Relocating Plaintiff to Different Facilities within the Fourteenth Judicial Circuit of the State of Florida" (Doc. 8) be **DENIED** as moot.

3.  That Plaintiff's "Petition for Temporary Injunction Barring Defendants From Further Abuses of Plaintiff, From Withholding Copies of Documents to Which Plaintiff Has a Right, and from Interfering Further with Plaintiff's U.S. Constitutional Rights" (Doc. 31) be **DENIED**.

At Pensacola, Florida, this 31<u>st</u> day of October 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**