IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID ALLEN NESBITT,
    Plaintiff,

vs.                                            Case No: 5:05cv98/LAC/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

**ORDER**

       This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 35). Leave to proceed in forma pauperis has been granted (Doc. 16). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under § 1983 as to some or all of the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in a third amended complaint.

       Plaintiff names five Defendants in this matter: the State of Florida; the Holmes County Sheriff's Department; Dennis Lee, Sheriff of Holmes County; the Holmes County Jail (Jail); and Tom Castle, former Administrator of the Jail (Doc. 35 at 2-2A). Plaintiff alleges that he was forced to shower and to use bathroom facilities "without any type of privacy screen" and under the surveillance of female corrections officers (*id.* at 7). Additionally, female corrections officers brought "female inmates into the Control Booth where they observed male inmates, including Plaintiff, in the nude" (*id.*). Plaintiff states he has "personally observed" the female officers and inmates "urging male inmates to commit lewd and lacivious [sic] acts so that they could observe same" (*id.*). After complaining about the lack of shower curtains, Plaintiff "was threatened with lockdown, confinement to his bunk, loss of phone and TV privileges" and was immediately "isolated and denied phone and U.S. Mail privileges" (*id.*).

Plaintiff claims "he believes he was discriminated against sexually" and "subjected to cruel and unusual punishment" (*id*. at 8).  He further claims he was denied access to the courts and the U.S. Postal System as retaliation for complaining (*id*.).  As relief, Plaintiff seeks compensatory damages in the amount of $20,000,000 and punitive damages in the amount of $80,000,000 (*id*.).

Initially, from a review of the complaint, it is evident that Plaintiff has failed to demonstrate pre-suit exhaustion of his administrative remedies with respect to all of his claims.  Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996, provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which the inmate seeks only monetary damages, *see* Booth v. Churner, 532 U.S. 731, 740-41, 121 S. Ct.1819, 1825, 149 L. Ed. 2d 958 (2001); Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002).  Thus, the court should dismiss a case if it determines that exhaustion has not been accomplished.  Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see also* Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997).  "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

In the instant case, although Plaintiff indicates the Jail has an informal grievance procedure and that he submitted "many" grievances (Doc. 35 at 4), he only specifically alleges "complaining" about the lack of shower curtains (*id*. at 7).  Plaintiff has not specifically asserted that he filed grievances regarding guards bringing female inmates into the control booth to observe male inmates in the nude, guards soliciting sexual acts, or the denial of phone and mail privileges.  Plaintiff must demonstrate that beyond "complaining," he submitted grievances specifically addressing the lack of shower curtains.  Similarly, Plaintiff must demonstrate that he fully exhausted each of his other claims by utilizing the Jail's grievance procedure.  The court notes that Plaintiff failed to attach copies of any grievances to his complaint, alleging "[t]he jail has illegally withheld/destroyed all paperwork" (*id.* at 4).  Therefore, in his third amended complaint, Plaintiff must attach copies of relevant grievances <u>if he now possesses them</u>.  Otherwise, Plaintiff must provide a detailed

description of the nature of each grievance and response. If Plaintiff cannot demonstrate that he fulfilled the exhaustion requirement as to <u>each</u> claim, he should drop the unexhausted claims from his third amended complaint.

Plaintiff is further advised that several of the named Defendants are not proper parties to this action. First, it is well established that a state is not a person within the meaning of 42 U.S.C. § 1983. <u>Will v. Michigan Dep't. of State Police</u>, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308, 105 L. Ed. 2d 45 (1989). Therefore, in amending Plaintiff should delete the State of Florida as a Defendant.

Second, neither the Holmes County Sheriff's Department nor the Jail is a proper party to this proceeding. Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff. *See* <u>Eddy v. City of Miami</u>, 715 F.Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); <u>Shelby v. City of Atlanta</u>, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984) (same); <u>Avant v. Rice</u>, 1992 WL 359633, at *6 (M.D. Fla. Nov. 19, 1992) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office); <u>Mayes v. Elrod</u>, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979) (same). For claims against a sheriff's department or a county jail, the appropriate defendant is the Sheriff in his official capacity. *See* <u>Mitchell v. Untreiner</u>, 421 F.Supp. 886, 888 (N.D. Fla. 1976) (referring to Sheriff of Escambia County, Florida as "the Chief Jailer of the Escambia County Jail"); <u>Avant</u>, 1992 WL 359633, at *6; <u>Hobbs v. Holmes County Sheriff's Department, et al.</u>, Case No. 5:04cv82/RH (N.D. Fla. 2005) (Doc. 10 at 3) ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity."). Plaintiff has named Sheriff Lee as a Defendant, therefore, his claims against the Holmes County Sheriff's Department and Jail are duplicative and superfluous and should be deleted from his third amended complaint. *See* <u>Brown v. Neumann</u>, 188 F.3d 1289, 1290 (11th Cir. 1999); <u>Washington v. Bauer</u>, 149 Fed. Appx. 867, 871 n.1 (11th Cir. 2005); *see e.g,* <u>Hobbs</u>, 5:04cv82/RH (Doc. 10 at 3) (dismissing claims against Holmes County Sheriff's Department where plaintiff sued Sheriff Lee in his official capacity).

Plaintiff is also advised that he has failed to state a basis for liability as to Defendant Lee, as he apparently seeks to hold him liable on a respondeat superior theory of liability. "It is well

established that supervisory officials are not liable under [section] 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Supervisory liability may occur, however, "either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.* This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," or "when a supervisor's custom or policy result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (internal quotation marks and citations omitted); *see* Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999), *cert. denied*, 120 S. Ct. 1974, 146 L. Ed. 2d 804 (2000).

Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58-59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F.3d at 1360 (quoting Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003)).

In the instant case, Plaintiff does not allege that Defendant Lee personally participated in the alleged unlawful conduct or that he directed any subordinate to act in an unconstitutional manner.

Case No: 5:05cv98/LAC/EMT

Moreover, the only purported "policy" identified by Plaintiff is Defendant Castle's decision to remove the shower curtains (Doc. 35 at 7). However, Plaintiff does not allege the existence of a custom or policy of the Jail that resulted in deliberate indifference to Plaintiff's constitutional rights or a history of widespread abuse that would put Defendant Lee on notice of a constitutional deprivation and/or the need to correct it. Therefore, his claims with respect to Defendant Lee are subject to dismissal.

Finally, Plaintiff is advised that subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 536 U.S. 906, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, the only relief Plaintiff seeks is $20,000,000 in compensatory damages and $80,000,000 in punitive damages. He has not alleged any physical injury arising from Defendants' actions, therefore, Plaintiff is not entitled to the relief he seeks.

Regarding the substance of Plaintiff's claim, although prisoners "retain a constitutional right to bodily privacy," the scope of the right must be analyzed on a case-by-case basis. Fortner v.

Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993). Its scope is defined by "emphasizing the harm of compelled nudity." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). A regulation impinging constitutional rights may still be valid, however, "if it is reasonably related to legitimate penological interests." Fortner, 983 F.2d at 1030 (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261, 96 L. Ed. 2d 64 (1987)). Surveillance by corrections officers of the opposite sex of inmates in bathrooms, shower facilities, or sleeping areas fails to state a claim when it is reasonably related to the legitimate interests of prison security. *See* Oliver v. Scott, 276 F.3d 736, 745-46 (5th Cir. 2002) (affirming dismissal of inmate's privacy claim where female guards monitored male inmates in bathroom and shower facilities without privacy partitions because the practice was related to prison security). However, privacy rights are violated where guards solicit sexual acts or otherwise sexually harass inmates. *See* Boxer X, 437 F.3d at 1110-11 (holding inmate stated a claim for violation of privacy rights where female guard solicited inmate's sexual act); Fortner, 983 F.2d at 1029-30 (remanding for determination of reasonableness of privacy rights violation where female guards monitoring male inmates in living quarters and bathrooms acted unprofessionally and solicited sexual acts).

In the instant case, two of Plaintiff's privacy claims appear subject to dismissal. First, Plaintiff claims he was subjected to cross-sex surveillance while showering; second, he alleges that female corrections officers "urg[ed] male inmates to commit lewd and lacivious [sic] acts" (Doc. 35 at 7). As to the first claim, Plaintiff admits that the shower rods were removed as a security measure (*id.*), and, as described above, such security measures have been approved by the courts. As to the second claim, Plaintiff has not alleged that <u>he</u> was urged to commit a sexual act; he alleges only that he observed female guards and inmates soliciting male inmates. Therefore, Plaintiff has failed to establish that <u>his</u> privacy rights were violated. Moreover, Plaintiff has not named as a Defendant any person responsible for such behavior. Unless Plaintiff can allege facts sufficient to state a claim for violation of his privacy rights, he should delete these claims.

Additionally, the facts alleged by Plaintiff are insufficient to state an Eighth Amendment claim. Although "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment," Boxer X, 437 F.3d at 1111, a prisoner must satisfy both an objective and a subjective inquiry to state an Eighth Amendment violation, Chandler v. Crosby, 379 F.3d 1278,

1289-90 (11th Cir. 2004); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). An injury satisfies the objective component "only if there is more than de minimis injury." Boxer X, 437 F.3d at 1111. A female guard's solicitation of sexual acts by a male prisoner "does not present more than de minimis injury." *Id*.

In the instant case, Plaintiff's allegations of female guards soliciting "lewd and lacivious [sic] acts" (Doc. 35 at 7) is analogous to the solicitation held insufficient to state an Eighth Amendment claim in Boxer X. His other allegations (i.e., lack of privacy and female guards inviting female inmates to view male inmates in the nude) present a lesser level of injury and, therefore, also fail to state an Eighth Amendment claim.

To the extent Plaintiff has alleged an equal protection violation by asserting that he was "discriminated against sexually" (Doc. 35 at 8), Plaintiff has failed to state a claim. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). Plaintiff must also allege Defendants acted with the intent to discriminate against him. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987).

In the instant case, Plaintiff has alleged no facts suggesting that Defendants treated him, or male inmates generally, differently than female inmates. Moreover, even if Plaintiff alleged that male inmates are treated differently than female inmates regarding privacy and cross-sex surveillance, he would likely be unable to establish that female inmates are "similarly situated." *See* Oliver, 276 F.3d at 746-47 (rejecting equal protection claim where only male prisoners were subject to cross-sex surveillance because male prisoners were more numerous and more violent). Furthermore, Plaintiff has failed to allege any facts showing discriminatory intent. Therefore, he has failed to state an equal protection claim.

Case No: 5:05cv98/LAC/EMT

Plaintiff's claim that he was retaliated against as a result of his complaints is also insufficient. The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989). "To state a [F]irst [A]mendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." *Id.* Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." *Id.* A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a lawsuit or administrative grievance concerning the conditions of his imprisonment. *See* Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989). However, broad, conclusory allegations of retaliation are insufficient to state a claim under section 1983. Goldsmith v. Mayor and City Council of Baltimore, 987 F.2d 1064, 1071 (4th Cir. 1993); Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987); Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987). The prisoner plaintiff must "sufficiently allege facts" establishing that the actions taken against him were in retaliation for filing grievances or lawsuits or otherwise accessing the courts. Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). He must allege facts showing that the allegedly retaliatory conduct would not have occurred but for the retaliatory motive. Jackson v. Fair, 846 F.2d 811, 820 (1st Cir. 1988). Plaintiff must allege a causal link between the protected activity and the adverse treatment, and there must be at least a "colorable suspicion" of retaliation for a complaint to survive and proceed into discovery. Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983). Such a causal connection may be alleged by a chronology of events that create a plausible inference of retaliation. Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988). "The relevant showing . . . must be more than the prisoner's 'personal belief that he is the victim of retaliation.'" Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (quoting Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)). Appropriate deference should be afforded to prison officials "in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (citing Sandin v. Conner, 115 S. Ct. 2293, 2299 (1995)). And, because regulatory actions taken by prison officials are presumed to be reasonable, the inmate must produce "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury. . . ." Crawford-El v. Britton, 523 U.S. 574, 598, 118 S. Ct. 1584, 1596-7, 140 L. Ed. 2d 750 (1998) (internal quotation and citation

omitted). Indeed, while mindful that Plaintiff may not be held to a heightened burden of proof, *see* Crawford-El, 523 U.S. at 580-86 (holding that in retaliation claim prisoner could not be required to show "clear and convincing" evidence of defendant's unconstitutional motives), courts should approach prisoner claims of retaliation "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions and actions of prison officials and "the ease with which claims of retaliation may be fabricated." Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001), *impliedly overruled in part on other grounds by* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

In the instant case, Plaintiff's retaliation claims are vague and conclusory. Although he alleges he was "denied access to the U.S. Postal system as punishment for complaining" (Doc. 35 at 8), he has not alleged any specific facts establishing that the denial of privileges was in retaliation for complaining about the shower curtains or that the denial would not have occurred but for his complaint. Unless sufficient facts exist to support his retaliation claims, Plaintiff should delete his First Amendment claims.

Finally, Plaintiff's allegation that he was denied mail privileges fails to state a constitutional claim. It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, while there should be no interference or undue delay in the delivery of inmates' legal mail by prison officials, courts have held that without explicit proof of damages, occasional interference with inmate mail or violations of mail regulations in a prison do not state a claim of denial of access to courts under section 1983. *See* Gramegna v. Johnson, 846 F.2d 675, 677 (11th Cir. 1988); Castillo v. Cook County Mail Room Dept., 990 F.2d 304, 306 (7th Cir. 1993); Morgan v. Montanye, 516 F.2d 1367, 1371-72 (2d Cir. 1975); Woods v. Yeager, 463 F.2d 223, 224-25 (3d Cir. 1972); *see also* Bieregu v. Reno, 59 F.3d 1445, 1455-56 (3d Cir. 1995); Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986). Furthermore, an unintentional or negligent interference with an inmate's legal mail does not state a cause of action. Smith v. Maeschner, 899 F.2d 940, 944 (10th Cir. 1990); Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988). Allegations of negligent conduct do not generally

state a claim under section 1983.  Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

Additionally, as established in Lewis, to successfully allege a constitutional violation based upon denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved.  Lewis, 116 S. Ct. at 2179-80.  The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court."  *Id.* at 2181.  Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim."  *Id.*  Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'"  *Id.* at 2181-82 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)).  Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions.  Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445-46 (11th Cir. 1998).  So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts.  Wilson, 163 F.3d at 1291.  Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit.  Lewis, 116 S. Ct. at 2181 n.3; Wilson, 163 F.3d at 1291.

In the instant case, Plaintiff's bare allegation that he was "denied . . . U.S. Mail privileges" (Doc. 35 at 7) does not allege any specific interference with legal mail.  Plaintiff has also failed to allege facts showing that any interference with his correspondence occurred with sufficient frequency to constitute a constitutional violation.  Furthermore, Plaintiff has not identified whether he was involved with any litigation and the nature of any such litigation, or how he was actually harmed or prejudiced with respect to the litigation.  Unless sufficient facts exist and are alleged, Plaintiff should drop this claim from his complaint.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action.  If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal.  If Plaintiff chooses to proceed with this action, he must completely fill out a

Case No: 5:05cv98/LAC/EMT

new civil rights complaint form, marking it "**Third Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Similarly, if Plaintiff cannot demonstrate exhaustion as to a particular claim, he should not pursue that claim. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida. Finally, Plaintiff is advised that he should not file copies of his amended complaint until ordered to do so by the court.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. §1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Third Amended Complaint." In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 9th day of June 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 5:05cv98/LAC/EMT