IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID ALLEN NESBITT,
    Plaintiff,

vs.                                             Case No: 5:05cv98/LAC/EMT

DENNIS LEE, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's third amended complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 49).  Leave to proceed in forma pauperis has been granted (Doc. 16).

    Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car

Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of the complaint, this court concludes that dismissal of Plaintiff's claim is warranted.

Plaintiff names four Defendants in this matter: Dennis Lee, Sheriff of Holmes County; Tom Castle, former Administrator of Holmes County Jail (HCI); Ms. Brock, a correctional officer at HCI; and Jane Doe, a correctional officer at HCI (Doc. 49 at 1–2, 7).

Plaintiff states that he was jailed in HCI from November 10, 2002 through December 13, 2002 (*id.* at 7). Initially, Plaintiff alleges that during that time he "was unaware of any manner by which he could formally address problems and concerns other than by orally complaining to immediate staff at the jail. For that reason, there is no paper trail regarding his complaints" (*id.*). Additionally, Plaintiff alleges that when he arrived at HCI, he informed medical personnel of his twenty-five year history of cardiovascular disease and also that he suffered from inflammatory rheumatoid arthritis (*id.*).

In further support of his complaint, Plaintiff alleges the following facts. Upon arrival at HCI, Plaintiff was assigned to the B-pod, where he was threatened by several other inmates (*id.* at 7A). Threats continued for the next three days and nights, and Plaintiff "was forced to maintain a heightened degree of vigilance to avoid confrontation" (*id.*). Despite Plaintiff's complaints to Defendants Brock and Doe regarding the threats, they informed him that they "would not help unless an actual physical battery occurred" (*id.*).

On the fourth day of his stay, Plaintiff was transferred to F-pod, where he noticed that the showers and toilet facilities had no privacy barriers (*id.*). Other inmates informed Plaintiff that the curtains had been removed a year prior in response to security concerns about the rods (*id.* at 7B). Plaintiff and other inmates were required to shower naked in full view of the all-female jail staff (*id.*). When Plaintiff complained about the shower policy, Defendant Brock told him if he refused to shower without curtains, she would cut off telephone and television privileges for the entire pod (*id.*). Plaintiff refused to shower, and he received additional threats from other inmates (*id.* at 7B–7C). On the fourth night of Plaintiff's stay, he was attacked by one of the inmates in full view of the officers' duty station (*id.*). Plaintiff "sustained minor injuries which were not examined, or treated by jail medical staff" (*id.* at 7C). Sometime that day or the next day, Plaintiff hung a bed

sheet over the shower entranceway for privacy, but Defendant Doe rushed over and confiscated the sheet (*id.*).

On the fifth day of his stay at HCI, Plaintiff asked Defendant Doe to place him in protective custody and to return his bed sheet (*id.*). Defendant Doe refused and then "solicited Plaintiff to perform lewd acts while showering," telling Plaintiff that he would be "rewarded" for his performance (*id.*). Plaintiff refused (*id.*). A couple of days later, Plaintiff noticed officers bringing female inmates in to watch the men shower (*id.* at 7C–7D). Other inmates told Plaintiff that it was "common practice" for female inmates to watch the men shower, and Plaintiff observed male inmates in male pods "performing" for the female inmates (*id.* at 7D). The male inmates who cooperated received "rewards in the form of cigarettes, lighters and matches," and drugs (*id.*). On two separate occasions, Plaintiff discussed the "issues of the missing shower curtains, female inmate observers, solicitation and contraband" with Defendants Castle and Lee, but both Defendants told him that the shower curtains would not be returned (*id.* at 7D–7E).

Plaintiff alleges that he was denied telephone call authorization numbers, paper, pens, pencils, and stamped envelopes (*id.* at 7E). In addition, he implies that Defendant Doe attempted to poison his food during a meal (*see id.*). Further, Plaintiff alleges that Defendant Castle "withheld from Plaintiff prescribed medications to treat life-threatening conditions," and Plaintiff's subsequent failure to take his medication "created a dangerous threat to his health as it relates to his cardiovascular condition" (*id.* at 7F).

Plaintiff claims that Defendants "refused to take reasonable measures to guarantee Plaintiff's safety and health," "implemented, oversaw and participated in policies and practices which placed Plaintiff in jeopardy of life and limb and which resulted in injury to Plaintiff," and "displayed and expressed a deliberate indifference to Plaintiff's risk of harm, to his actual injuries and to their duties to protect him from violence at the hands of other inmates, and to his reasonable expectation of privacy when bathing or using the toilet" (*id.* at 8). Plaintiff also claims that Defendants violated his right to Equal Protection (*id.*). As relief, Plaintiff seeks compensatory damages in the amount of $20,000,000.00 and punitive damages in the amount of $80,000,000.00 (*id.*).

Initially, it is evident that Plaintiff has provided inconsistent answers under oath in this litigation. In Plaintiff's first and second amended complaints, Plaintiff indicated that HCI has an

informal grievance procedure and that he submitted "many" grievances, including grievances, requests, and letters to the Administrator (Doc. 17 at 4; Doc. 35 at 4). Plaintiff further stated that he did not attach any of those grievances to either complaint because HCI withheld his paperwork and refused his requests (Doc. 17 at 4) and "illegally withheld/destroyed all paperwork" (Doc. 35 at 4). After review of Plaintiff's second amended complaint, this court warned Plaintiff that he must show that he fully exhausted <u>each</u> of his claims by utilizing HCI's grievance procedure (Doc. 42 at 2). The court directed Plaintiff, in his third amended complaint, to provide a detailed description of the nature of each grievance and response if he did not currently possess copies of the grievances (*id.*). Plaintiff was advised that he should drop any unexhausted claims (*id.* at 3). In Plaintiff's third amended complaint, currently before this court, Plaintiff indicates that HCI does <u>not</u> have a grievance procedure (Doc. 49 at 4). In his statement of facts, Plaintiff further states that he was "unaware of any manner by which he could formally address problems and concerns other than by orally complaining . . . . For that reason, there is no paper trail regarding his complaints" (*id.* at 7). Thus, the court concludes that Plaintiff has provided untruthful answers in either his earlier sworn complaints (where he alleged that HCI does have a grievance procedure and that he filed "many" grievances including letters, but they were destroyed or withheld) or in the instant sworn complaint (where he alleges that HCI does not have a grievance procedure and that the only method by which he could address problems was by orally complaining).[1]

The information in Section III of the complaint is useful to the court in determining whether Plaintiff has demonstrated pre-suit exhaustion of his administrative remedies with respect to all of his claims. Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996, provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which the inmate seeks only monetary damages, *see* <u>Booth v. Churner</u>, 532 U.S. 731, 740–41, 121 S. Ct.1819, 1825, 149

---

[1]Plaintiff signed the first, second, and third amended complaints under the statement "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (Doc. 17 at 8; Doc. 35 at 8; Doc. 49 at 8).

Case No: 5:05cv98/LAC/EMT

L. Ed. 2d 958 (2001); Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002).  Thus, the court will dismiss a case if it determines that exhaustion has not been accomplished.  Alexander v. Hawk, 159 F.3d 1321, 1325–26 (11th Cir. 1998); *see also* Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997).  "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making this determination.  Plaintiff knew that he was required to demonstrate pre-suit exhaustion in order to pursue his claims in this court and that failure to so demonstrate could be grounds for dismissal.  Instead of submitting evidence of his grievances as directed (*see* Doc. 42 at 2–3), Plaintiff has apparently attempted to circumvent the rule by changing his answer to the question of whether HCI has a grievance procedure.  If Plaintiff suffered no penalty for his untruthful response(s), there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Even if Plaintiff had truthfully answered the questions on the complaint and demonstrated exhaustion of his administrative remedies, Plaintiff is not entitled to the relief he seeks.  As Plaintiff was warned in this court's prior order to amend (*see* Doc. 42 at 5), subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims.  Napier v. Preslicka, 314 F.3d

528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 536 U.S. 906, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

Furthermore, Plaintiff cannot recover monetary damages based solely on the alleged constitutional violation (divorced from any mental or emotional injury caused by the violation). Although some circuits have held that section 1997e(e) does not limit the recovery of punitive damages based solely on the alleged constitutional violation, Searles v. Van Bebber, 251 F.3d 869, 879 (10th Cir. 2001); Allah v. Al-Hafeez, 226 F.3d 247, 251–53 (3d Cir. 2000), the Eleventh Circuit in Harris declined to make such a distinction. To the contrary, while the Harris court was careful to note that its holding was not binding on actions for nominal damages that are normally available for the violation of certain "absolute constitutional" rights without any showing of injury, it made no such reference to actions for punitive damages based solely on the alleged constitutional violation. Harris, 190 F.3d at 1288 n.9. In so noting, the court cited Carey v. Piphus, 435 U.S. 247, 266, 98 S. Ct. 1042, 1054, 55 L. Ed. 2d 252 (1978), where the Supreme Court made a distinction between nominal damages and substantial damages (i.e., compensatory and punitive) damages. Harris, 190 F.3d at 1288 n.9. Furthermore, in analyzing the types of claims precluded by § 1997e(e), the Harris court followed closely the reasoning of Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998), which held that punitive damages based on the constitutional violation itself would not be available without the requisite physical injury requirement. Harris, 190 F.3d 1288.

In the instant case, the only relief Plaintiff seeks is $20,000,000.00 in compensatory damages and $80,000,000.00 in punitive damages. The court notes that Plaintiff was incarcerated in HCI when he brought this action (Doc. 1 at 30). However, Plaintiff has not satisfied section 1997e(e). The only physical injury alleged by Plaintiff is the injury arising from an attack by fellow inmates.[2] Plaintiff states that on his fourth night in HCI, he was attacked by fellow inmates after they threatened him during the day. This attack resulted in "minor" physical injuries that were not treated by the jail medical staff. Plaintiff has failed to show that any of the named Defendants caused or exacerbated his injury. First, Plaintiff does not allege that he told any of the Defendants about the threats he received, that Defendants knew of the threats, that Defendants somehow caused the attack, or that Defendants saw the attack and could have intervened in time to prevent injury (*see* Doc. 49 at 7B–7C). Next, Plaintiff has not alleged that any of the named Defendants were somehow involved in any failure to treat his injuries, and he has not named any of the HCI medical staff as Defendants in this claim. Finally, Plaintiff has not shown that his injury was more than de minimis. In fact, Plaintiff admits that his injury was "minor." *See, e.g.*, Siglar v. Hightower, 112 F.3d 191, 194 (5th Cir. 1997) (finding that a sore, bruised ear lasting for three days is not a sufficient physical injury under section 1997e(e) to support recovery).

Plaintiff cannot recover compensatory or punitive damages for any mental or emotional anguish or for any violation of his constitutional rights without a showing of physical injury. Because 42 U.S.C. § 1997e(e) forbids the litigation of this lawsuit while plaintiff is imprisoned, there is no valid legal basis for plaintiff's claim. Thus, this case should be dismissed without prejudice. Napier, 314 F.3d at 531–32; Harris v. Garner, 190 F.3d 1279, 1290.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's claim be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

At Pensacola, Florida this 21st day of September 2006.

---

[2] Plaintiff also alleges that Defendant Castle withheld medications, creating "a dangerous threat to [Plaintiff's] health" (Doc. 49 at 7F), but Plaintiff does not allege any actual physical injury resulting from this, nor does he allege that the withholding of medication created any future physical harm to his health.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**